_____

No. 95-2686
_____

United States of America,           *
                                    *
          Plaintiff-Appellee,       *
                                    *  Appeal from the United States
     v.                             *  District Court for the Eastern
                                    *  District of Missouri.
William Terrell Burney,             *
                                    *
          Defendant-Appellant.      *

_____

Submitted: November 14, 1995

Filed:  February 7, 1996
_____

Before McMILLIAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.
_____

FLOYD R. GIBSON, Circuit Judge.


     William Burney appeals the district court's[1] order denying his motion to withdraw his guilty pleas to three firearm violations. We affirm.

## I. BACKGROUND

     On March 22, 1994, a three-count indictment was returned against William Burney charging him with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (1988) (Counts I and II), and one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 (1988) (Count III).  On March 29, Burney pleaded

_____

[1]The Honorable Stephen H. Limbaugh, United States District Judge for the Eastern District of Missouri.

guilty to all three counts pursuant to a written plea agreement in exchange for the Government's agreement to delete all references to 18 U.S.C. § 924(e)(1) in Counts I and II.

Due to the application of section 5G1.2(d) of the United States Sentencing Guidelines,[2] the presentence investigation report recommended a guideline sentencing range of 168 to 210 months imprisonment. On June 14, 1995, the day he was to appear for sentencing, Burney filed a motion to withdraw his pleas of guilty pursuant to Fed. R. Crim. P. 32(e). Burney alleged in his motion that he been misled by both his defense counsel and the district court to believe that his maximum sentence could not exceed ten years imprisonment. Burney testified in support of his motion that he had been unaware of USSG §5G1.2(d) and its effect on his sentencing range, and that had he known that he faced a fourteen-year minimum sentence, he never would have pleaded guilty.

The district court denied the motion, finding that Burney's pleas were competently and voluntarily given with full knowledge of the maximum possible penalty. The district court went on to adopt the recommendations contained in the presentence investigation report and subsequently sentenced Burney to 120 months imprisonment on Count I, 90 months imprisonment on Count II to be served concurrently with the term imposed in Count I, and 90 months imprisonment on Count III to be served consecutively with the terms imposed in Counts I and II, resulting in an aggregate term of 210 months imprisonment. The court also sentenced Burney to two years of supervised release and imposed an aggregate special assessment of $150. Burney appeals.

---

[2]"If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." USSG §5G1.2(d).

## II. DISCUSSION

"It is well settled that a defendant does not have an absolute right to withdraw a guilty plea before sentencing." United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995). Instead, the burden is on the defendant to establish a fair and just reason for the withdrawal. Fed. R. Crim. P. 32(e); Newson, 46 F.3d at 732. This determination lies within the sound discretion of the trial court, and we will reverse its decision only for an abuse of discretion. United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991), cert. denied, 504 U.S. 921 (1992).

Burney argues that he established a fair and just reason for withdrawing his pleas when he testified that both defense counsel and the district court had misled him to believe that the maximum possible prison sentence he could receive was ten years. Had he known that he faced a minimum sentence of fourteen years, or even the possibility of consecutive sentencing, Burney argues that he never would have pleaded guilty. As such, he asserts that his pleas were neither knowing nor voluntary.

We disagree. Neither the terms of the plea agreement nor the prosecuting attorney ever promised Burney that he would be entitled to a specific sentencing range. In addition, the district court made it clear to Burney before it accepted his pleas that he should not and could not rely on estimations of his possible sentencing range. First, the district court informed him that the maximum statutory penalty for each of the three offenses was ten years imprisonment. The district court then advised Burney that the presentence investigation report would recommend a sentencing range pursuant to the United States Sentencing Guidelines. It went on to state that it could not predict what that range would be, and that any estimation of the possible sentencing range by defense counsel or anyone else could be wrong. Burney stated that he understood

3

all of this.  Finally, the district court asked Burney if he was entering his pleas solely on the basis of what defense counsel or someone else may have estimated his sentence range would be.  Burney replied that he was not.

Based on this colloquy, the district court concluded at sentencing that Burney, despite any erroneous predictions on the part of defense counsel, was fully aware of the potential range of punishment to which he was exposing himself through his pleas.  We agree.  Even if Burney, despite the best efforts of the district court, was in fact laboring under the misconception that he faced a total maximum sentence of ten years, our decision would remain the same.  A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential punishment and that the Guidelines would be applied to determine his sentence.  United States v. Hoelscher, 914 F.2d 1527, 1544 (8th Cir. 1990), cert. denied, 500 U.S. 943 (1991).  This remains true even where such a misunderstanding is based on an erroneous estimation by defense counsel.  United States v. Ludwig, 972 F.2d 948, 950-51 (8th Cir. 1992).

Burney further contends that the district court itself misled him into believing that he faced no more than ten years total imprisonment when it informed him that the maximum term of imprisonment for each count was ten years.  By failing to warn him of the possibility of consecutive sentencing, Burney asserts that the district court failed to inform him of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law" as required by Fed. R. Crim. P. 11(c)(1).

We believe, however, that the district court fulfilled its Rule 11(c) obligations by explicitly informing Burney twice that the maximum term of imprisonment for each of the three counts was

4

ten years.[3]  Rule 11 does not require the sentencing court to inform the defendant of the applicable guideline range or the actual sentence he will receive.  Thomas v. United States, 27 F.3d 321, 324 (8th Cir. 1994) (holding that defendant had no right to be specifically apprised of effect of career offender provision on his sentencing range).  "The defendant's right to be apprised of the court's sentencing options is no greater than the provisions of Fed. R. Crim. P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences."  Id.

To the extent that the sentencing court is obligated under the terms of Rule 11(c)(1) to disclose the possibility of consecutive sentencing in order to fully apprise the defendant of the mandatory minimum and the maximum possible penalty provided by law, we believe that the district court implicitly did so by telling Burney that ten years was the maximum term of imprisonment for each of the three counts.  See United States v. Hamilton, 568 F.2d 1302, 1306 (9th Cir.) (per curiam), cert. denied, 436 U.S. 944 (1978). (Court's warning that defendant was subject to a possible 15-year sentence as to each of two counts implicitly alerted defendant to the possibility of consecutive sentencing).  Taken out of context, the district court's statement that the maximum possible sentence on each count could not exceed ten years could seem misleading. But when we examine the plea colloquy in its entirety, we are satisfied that the district court fully informed Burney of the consequences of his pleas.  As such, we conclude that the district court did not abuse its discretion in concluding that Burney has failed to establish a fair and just reason for withdrawing his

---

[3]District court: "You understand that these are the maximums as provided by law as to each of these three counts?"

Burney: "Yes, sir, I do." [tr. p.27].

District court: "It's no time in jail up to ten years as to each of the three counts." [tr. p.29].

guilty pleas.

**III. CONCLUSION**

For the above reasons, we affirm the district court's denial of Burney's motion to withdraw his pleas of guilty.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

6