(967 P.2d 337)

No. 79,020

WALTER WADSWORTH, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed September 11, 1998.

*Rebecca E. Woodman*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Chris Biggs*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., GERNON and PIERRON, JJ.

PIERRON, J.: Walter Wadsworth appeals from the denial of a petition pursuant to K.S.A. 60-1507 seeking withdrawal of a guilty plea. We affirm.

On February 3, 1995, Wadsworth pled nolo contendere to two counts of attempted aggravated criminal sodomy. He was sentenced to the minimum term of 38 months for each count, but the sentences were ordered to be served consecutively. On November 13, 1996, Wadsworth filed a petition pursuant to K.S.A. 60-1507 alleging, among other things, he was not informed the court could impose his sentences consecutively. The trial court denied the petition in its entirety.

A trial judge may set aside the judgment of conviction following sentencing and permit the defendant to withdraw a guilty plea in order to correct manifest injustice. *State v. Rodriguez*, 261 Kan. 1, Syl. ¶ 3, 927 P.2d 463 (1996). When reviewing a district court's ruling on a motion to withdraw a plea, this court determines whether the district court abused its discretion. *State v. Williams*, 259 Kan. 432, 435, 913 P.2d 587, *cert. denied* 519 U.S. 829 (1996).

When a district court accepts a guilty plea in a felony case, it must inform the defendant of the consequences of the plea, including the specific sentencing guidelines level of the crime and the maximum penalty that may be imposed upon accepting the plea. *State v. Ford*, 23 Kan. App. 2d 248, 252, 930 P.2d 1089 (1996). K.S.A. 22-3210(a)(3) requires the district court to address the defendant personally and determine if the plea is voluntary and whether the defendant understands the nature of the charge and the consequences of the plea.

The trial court specifically explained the rights Wadsworth was waiving by entering a plea. The court asked Wadsworth if his attorney had explained the possible penalties, and Wadsworth said he had. The court then stated: "Okay, a minimum of 38 months up to a maximum of 86 months." The court then advised Wadsworth it had the authority to double a sentence and he could face as many as 172 months. The court explicitly stated it could depart from the minimum number on its own initiative.

Wadsworth signed a waiver of rights form stating, in relevant part:

"I understand that by entering this plea of nolo contendere to the two counts of Attempted Aggravated Criminal Sodomy, severity level 4, person felonies, I understand that I have no presumption for probation and could be sentenced to the Secretary of Corrections for a minimum term of not less than thirty-eight (38) months nor more than forty-three (43) months and a maximum term of not less than seventy-seven (77) months nor more than eighty-six (86) months in the state penal system, depending on my prior criminal history."

We note Wadsworth is apparently not claiming innocence as a basis for withdrawing the plea.

The trial court did not abuse its discretion in refusing to allow Wadsworth to withdraw his plea. First of all, the sentence he received was less than the maximum sentence the court told him he could receive. Second, the trial court specifically informed him it had the authority to depart from the plea agreement. Third, Wadsworth was informed he was facing two separate counts.

Finally, there is no authority supporting the argument that a defendant must be informed sentences can be imposed consecutively. Other jurisdictions have reached the opposite conclusion. In

*United States v. Hamilton*, 568 F.2d 1302 (9th Cir.), *cert. denied* 436 U.S. 944 (1978), the defendant argued a judge is required to advise a defendant of the possibility of consecutive sentences before a guilty plea is entered. The court, applying federal rules of procedure, held a defendant need be specifically advised of possible sentences only with respect to each offense. 568 F.2d at 1305.

In *U.S. v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.), *cert. denied* 484 U.S. 832 (1987), the court relied on *Hamilton* to hold that a "trial court need not inform the defendant that the sentences to each count may run consecutively." In *U.S. v. Burney*, 75 F.3d 442, 444 (8th Cir. 1996), the defendant argued he would not have pled guilty if he had known he faced the possibility of consecutive sentences. The defendant was informed of the maximum terms for each of the counts. 75 F.3d at 445. The Eighth Circuit concluded that the sentencing court need only inform the defendant of the applicable mandatory minimum and maximum sentences, and collateral issues, such as consecutive sentencing, need not be spelled out. 75 F.3d at 445.

Even though not required by statute or case law, it is probably better practice for the district court to inform the defendant prior to sentencing of the possibility that sentences could be run consecutively to prevent presentencing misunderstanding. However, as set out in the cases above, it is not required, and in this case it obviously made little or no difference.

Wadsworth was sufficiently advised of the consequences of his plea. He has failed to show that there would be manifest injustice unless he was permitted to withdraw his plea.

Affirmed.