# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4035

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Hosea Lorinzo Harper, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: August 3, 2001
Filed: August 8, 2001

_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Hosea Lorinzo Harper pleaded guilty to conspiring to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846; the district court[1] sentenced him to 188 months imprisonment and 5 years supervised release. Prior to sentencing, Harper had moved to withdraw his plea, alleging that the sentencing range he faced was higher than he had expected, based on his counsel's advice at the time of his plea. The district court denied the motion, finding Harper did

_____

[1]The HONORABLE JAMES M. MOODY, United States District Judge for the Eastern District of Arkansas.

not present a fair and just reason for plea withdrawal.  On appeal, Harper challenges the denial of his plea-withdrawal motion.

We conclude the district court did not abuse its discretion in denying the motion, as Harper did not present a fair and just reason for allowing him to withdraw his plea. See Fed. R. Crim. P. 32(e); United States v. Morales, 120 F.3d 744, 747-48 (8th Cir. 1997) (mere fact defendant's sentence was greater than he wanted or expected does not constitute sufficient reason to set aside plea); United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996) (defendant's misunderstanding of application of Guidelines to his sentence does not constitute fair and just reason for withdrawing guilty plea, even where such misunderstanding is based on erroneous estimation by defense counsel, so long as defendant was told range of potential punishment and that Guidelines would be applied to determine his sentence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.