(50 P.3d 105)

No. 88,098

CHRISTOPHER GREENWOOD, *Appellant*, v. STATE OF KANSAS, *Appellee.*

—

Opinion filed July 19, 2002.

*Paul D. Cramm*, of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, and *Paul J. Morrison*, district attorney, for appellee.

Before ELLIOTT, P.J., ROGG, S.J., and WAHL, S.J.

ELLIOTT, J.: Christopher Greenwood appeals the trial court's denial of his motion to set aside his convictions and vacate his sentence.

We affirm.

Greenwood was charged with three counts of sexual exploitation of a child, K.S.A. 2001 Supp. 21-3516(a)(2), and he pled guilty as charged. After sentencing, Greenwood moved to vacate his convictions and sentences, claiming his conduct did not violate the criminal statute cited above under *State v. Donham*, 29 Kan. App. 2d 78, 24 P.3d 750, *rev. denied* 272 Kan. 1421 (2001). Alternatively, Greenwood argued his convictions were multiplicitous.

The trial court, relying on *Donham*, ruled the convictions were multiplicitous and dismissed two of the counts and vacated the sentences on those counts. The trial court also found the language Greenwood relied on from *Donham* was nonbinding dicta. This appeal follows.

Since Greenwood is collaterally attacking his conviction, we treat this case as a K.S.A. 60-1507 proceeding. Greenwood's request for relief is based on his interpretation of *Donham*, decided after Greenwood's sentencing. We shall decide Greenwood's appeal on

its merits, thus bypassing a decision as to what relief may or may not be procedurally available. *Cf. Easterwood v. State*, 273 Kan. 361, 44 P.3d 1209 (2002).

In order to determine if the trial court erred in denying Greenwood relief, we must examine whether Greenwood's conduct in fact violated K.S.A. 2001 Supp. 21-3516.

The factual basis of Greenwood's plea included the fact German National Police received 11 computer photographic images of nude and semi-nude prepubescent girls engaged in sexual intercourse, masturbation, and oral sex with adult males. The photographic images were received from a person later identified as Greenwood.

Further, thousands of pornographic images depicting children under the age of 14 years engaged in sexually explicit conduct, including sexual intercourse, were found when the hard drive of Greenwood's computer was inspected by police following the execution of a search warrant. Greenwood admitted he had child pornographic images and movies on his hard drive, had been trading the images, and had set up a computer server to do so. Greenwood also admitted some of the children were between the ages of 5 and 6 years old.

Greenwood's reliance on the dicta in 29 Kan. App. 2d at 82, stating: "The sexual exploitation of a child statute does not list possession of electronic images as a means of violating the statute," is simply misplaced.

Here, Greenwood was not charged with possessing electronic images; he was charged with violating the statutory language.

In the context of this case, K.S.A. 2001 Supp. 21-3516(a)(2) criminalizes the possession of any "computer hardware . . . or any other computer related equipment . . . that contains or incorporates in any manner any film, photograph, negative, photocopy, videotape or video laser disk in which a visual depiction of a child under 18 years of age is shown or heard engaging in sexually explicit conduct."

Likewise, Greenwood's reliance on *State v. Zabrinas*, 271 Kan. 422, 24 P.3d 77 (2001), is also misplaced. There, Zabrinas was charged with possessing "a visual medium" containing a child "engaging in sexually explicit conduct." 271 Kan. at 436. The convic-

tion was affirmed. 271 Kan. at 444. That case does not bolster Greenwood's "electronic images" argument.

We hold the type of conduct exhibited and admitted by Greenwood is precisely the type of conduct prohibited by the statute; neither *Donham* nor *Zabrinas* holds otherwise. We simply give effect to the obvious legislative intent, rather than speculate on what the law should or should not be. See *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996). Here, the factual basis for Greenwood's plea is that he was in possession of computer hardware containing photographic images and movies depicting sexually explicit conduct by children.

The factual basis for Greenwood's plea supports his conviction for the crime charged. Additionally, a guilty plea, freely given, waives any defects and/or irregularities occurring prior to the plea—even if the defect reaches constitutional dimensions. See *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 (1971).

Affirmed.