(104 P.3d 416)
No. 90,834

BRIAN J. MCGOLDRICK, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed January 21, 2005.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, for the appellant, and *Brian J. McGoldrick,* appellant pro se.

*Boyd K. Isherwood,* assistant district attorney, *Nola Foulston,* district attorney, and *Phill Kline,* attorney general, for the appellee.

Before JOHNSON, P.J., PIERRON and GREEN, JJ.

PIERRON, J.: Brian J. McGoldrick argues that the district court erred in denying his motion for relief pursuant to K.S.A. 60-1507.

McGoldrick was originally charged with three counts of aggravated robbery, eight counts of robbery, and one count of possession of cocaine. In exchange for his plea, the State agreed to reduce two of the aggravated robbery charges to robbery and dismiss one of the other robbery charges. The plea agreement indicated the State agreed to recommend that the aggravated robbery charge was the primary offense and that the court impose the mid-level sentence in the appropriate sentencing guidelines box and have all

other sentences be served concurrently. The plea agreement set forth the sentencing ranges on all the crimes, including the full sentencing range for aggravated robbery of 26 to 206 months' imprisonment. After an exhaustive discussion with McGoldrick and a lengthy examination of his rights, Judge Clark V. Owens II accepted the plea.

Based on McGoldrick's extensive criminal history, Judge Tom Malone, the sentencing judge, determined the sentencing range on the aggravated robbery conviction was 184 -194 -206, sentencing box III-A. Judge Malone sentenced McGoldrick to a presumptive term of 206 months' imprisonment for the aggravated robbery conviction and then presumptive terms on the remaining 10 convictions. The igniting fact in this case was Judge Malone's order to have all sentences run consecutively, contrary to the plea recommendation, for a total period of confinement of 412 months, which was the maximum sentence based on double the term of the primary offense. See K.S.A. 2003 Supp. 21-4720(b)(4).

Immediately following the sentencing hearing, defense counsel filed a motion to withdraw McGoldrick's plea. In the motion, McGoldrick claimed: (1) he was not guilty of the charges; (2) he was so emotionally distraught and under such mental distress at the plea hearing that his plea was not knowingly, voluntarily, and intelligently entered; (3) ineffective assistance of counsel concerning discussion of plea and possible penalties; and (4) manifest injustice because of the aggravated term of incarceration resulting from the consecutive sentencing.

Judge Owens, the same judge who accepted the plea, conducted a full evidentiary hearing on McGoldrick's plea withdrawal motion and denied it. Prior to the evidentiary hearing, McGoldrick had filed a notice of appeal in the criminal case. However, following resolution of his motion to withdraw his plea, McGoldrick did not file another notice of appeal. In *State v. McGoldrick*, No. 85,377, unpublished opinion filed April 20, 2001, the Kansas Supreme Court considered McGoldrick's appeal from his sentencing and granted no relief:

"McGoldrick contends the district court abused its discretion by not following the plea agreement when it imposed the aggravated term within the sentencing

range for each of his convictions and by ordering his sentences to run consecutively.

"K.S.A. 1998 Supp. 21-4720(b) allows the sentencing court to impose consecutive sentences in multiple conviction cases. Where a defendant challenges his or her presumptive sentencing on the ground that the running of multiple sentences consecutively constitutes an abuse of judicial discretion, no ground for appeal authorized by K.S.A. 21-4721 is asserted. *State v. Ware*, 262 Kan. 180, Syl. ¶ 4, 938 P.2d 197 (1997).

"K.S.A. 21-4721(c)(1) provides that an appellate court shall not review any sentence that is within the presumptive sentence for the crime. K.S.A. 1998 Supp. 21-4704(e)(1) allows the court to sentence at any place within the sentencing range. McGoldrick received presumptive sentences for his crimes. See K.S.A. 1998 Supp. 21-4704(a)."

McGoldrick filed a pro se motion and later a supplemental motion pursuant to K.S.A. 60-1507. He raised issues of ineffective assistance of counsel for not advising of the maximum penalty of 412 months' incarceration, that he was coerced into accepting the plea, and several additional allegations of ineffective representation. He also advanced several constitutional claims regarding the sentencing court's failure to follow the plea agreement, that the State breached the plea by not telling the court to follow the plea agreement and not arguing in support of the plea withdrawal, insufficiency of the evidence, and defective complaint. The district court appointed an attorney for McGoldrick but did not conduct an evidentiary hearing. The court heard arguments from counsel and then made findings of fact in denying the motion.

McGoldrick's appellate attorney raises two issues: (1) There were sufficient facts in the record to necessitate a hearing on whether McGoldrick was coerced by his trial counsel into accepting the plea; and (2) he received ineffective assistance of appellate counsel when counsel failed to raise the withdrawal of plea issue on appeal. In his pro se supplemental brief, McGoldrick reasserts all the issues he raised in the 60-1507 motion.

Several principles of criminal jurisprudence guide our decision today.

In Kansas, the sentencing court is not a party to the plea agreement and is not bound by its terms. See *State v. Heffelman*, 256 Kan. 384, 395, 886 P.2d 823 (1994). Consequently, McGoldrick's

claims that the trial court's actions violated several provisions of the United States Constitution, namely the Contract Clause, the Due Process Clause, and the Separation of Powers Doctrine are without merit. The same fate applies to his claims involving the plea agreement as an illusory contract and that the sentencing court was not bound by it. The State and the defendant may not enter into a plea agreement calling for a certain sentence, only an agreement that each side will recommend to the court a certain sentence. See *State v. Ford*, 23 Kan. App. 2d 248, 253, 930 P.2d 1089 (1996), *rev. denied* 261 Kan. 1087 (1997). Thus, both the State and the defendant are well aware their joint recommendation to the court may not be accepted by the court.

McGoldrick also argues his plea should be set aside because he was not informed about the possibility of a consecutive sentence. In *Wadsworth v. State*, 25 Kan. App. 2d 484, 486, 967 P.2d 337, *rev. denied* 266 Kan. 1116 (1998), the court stated that the trial court is not required to inform the defendant of the possibility that sentences could run consecutively, even though the better practice is probably to do so. However, in *Wadsworth*, although he had not been advised of the possibility of consecutive sentences he *was* advised of the maximum sentence possible, which was more than he actually received. For a defendant to make a knowing and voluntary plea there must usually be knowledge of the maximum sentence possible that could result from the plea. This includes situations where the sentence could be significantly longer if various counts are run consecutively. While statutes and case law do not specifically require the court to provide information to a defendant that sentences could be run consecutively, it is a better practice for the court to do so.

It is vital that counsel inform defendants of the possibility of consecutive sentences where that is necessary to adequately inform them of the consequences of their plea.

At the plea withdrawal hearing, McGoldrick's trial attorney testified he had a thorough discussion of the entire plea form, which included the paragraph that the sentencing court, at its discretion, could order the sentences to run concurrently or consecutively. Trial counsel made sure that McGoldrick understood the sentenc-

ing court was not bound by the plea agreement and could sentence him higher or lower than the agreement. However, trial counsel stated that he did not specifically discuss the fact that if the trial court ran the sentences consecutively, McGoldrick could face a sentence of 412 months' incarceration.

McGoldrick did not have ineffective assistance of counsel simply because the sentencing court ran all his sentences consecutively. McGoldrick knew it was a possibility. He testified at the plea withdrawal hearing that he knew the sentences could run consecutively, and he even asked his trial counsel what the chances were that Judge Malone would run them consecutively versus running them concurrently. It was not ineffective assistance of counsel for McGoldrick's trial counsel to give his opinion that Judge Malone would follow the plea agreement. While the trial counsel was wrong, that does not equate to McGoldrick receiving ineffective assistance of counsel. Trial counsel negotiated a reduction in charges against McGoldrick, but he could not control the sentencing court's discretion as to whether the sentences ran concurrently or consecutively.

The court may permit a defendant to withdraw his or her plea of guilty or nolo contendere after sentencing if doing so will correct a manifest injustice. K.S.A. 2003 Supp. 22-3210(d). The decision to deny a motion to withdraw a plea lies within the discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Shaw*, 259 Kan. 3, Syl. ¶ 2, 910 P.2d 809 (1996). The issue of ineffective assistance of counsel involves mixed questions of fact and law, which are subject to de novo review. *State v. Orr*, 262 Kan. 312, 321, 940 P.2d 42 (1997). McGoldrick received a legal sentence. It may have not been the sentence he wanted, but he was aware he could receive a higher sentence than that set forth in the plea agreement. McGoldrick's failed anticipation does not equate to manifest injustice where he was cognizant of the possibility even if he had not computed what the actual term would be if all sentences ran consecutively.

McGoldrick did not have a trial. He entered a plea agreement. *State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 (1995), sets

forth the standard for a claim of ineffective assistance of counsel concerning a plea agreement:

"To set aside a guilty plea because ineffective assistance of counsel has rendered the plea involuntary, the defendant must show that counsel's performance fell below the standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " (Quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59, 88 L. Ed. 2d 203, 106 S. Ct. 366 [1985].)

An abuse of discretion standard of review is applied to the district court's ruling that McGoldrick received effective assistance of counsel concerning his plea agreement. See *State v. Rowell*, 256 Kan. 200, 213, 883 P.2d 1184 (1994).

Trial counsel failed to appeal the denial of the motion to withdraw plea. However, even if the denial of the motion to withdraw plea had been appealed, our reading of the record leads us to find that there would be no reasonable probability that the outcome of this case would have been any different. See *Chamberlain v. State*, 236 Kan. 650, 657, 694 P.2d 468 (1985). Even considering the issue on the merits, the trial court did not abuse its discretion in denying McGoldrick's motion to withdraw his plea.

McGoldrick may have been emotional in the courtroom when he entered the plea because of the presence of family members, but the evidence indicates he knowingly, voluntarily, and intelligently accepted the plea. K.S.A. 2003 Supp. 22-3210(a)(3) requires the district court to address a defendant personally and determine that the guilty plea is being made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. See generally *Shaw*, 259 Kan. at 10-11.

Contrary to his arguments now, McGoldrick told the court he was more than adequately satisfied with the services of his attorney. He discussed the plea agreement with counsel. He did not express any concern or have any questions regarding the plea agreement. He understood the maximum penalties for each crime. He understood the myriad of constitutional rights he waived by accepting the plea. McGoldrick admitted, without objection, to the charges in the complaint and the well-pleaded facts supporting each charge. McGoldrick did not object to the factual basis for the

charges and cannot now challenge the sufficiency or the validity of the complaint.

McGoldrick also complains that his trial counsel was ineffective for not understanding the facts and law in this case, namely whether the evidence demonstrated a theft as opposed to a robbery; for failing to sufficiently investigate the case before advising McGoldrick to accept the plea; for not telling him his sentences could run consecutively and that the amended sentencing guidelines statute would apply in the case; for failing to protect his interests if the sentencing court did not accept the plea as contracted; for failing to provide him with a completed plea agreement before the hearing; and for threatening to walk out on him if he did not accept the plea. He further complains that appellate counsel should have raised all these current issues in the original appeal.

The evidence at the motion to withdraw plea hearing is contrary to McGoldrick's arguments concerning the competency of trial counsel's investigation. Trial counsel testified he reviewed the preliminary hearing transcript, the prosecution reports, the volume of charges against McGoldrick, the surveillance photographs clearly showing McGoldrick as the perpetrator, and the statements McGoldrick made to police officials. Trial counsel stated the evidence was overwhelming against McGoldrick. There is no evidence to support the claim of ineffective assistance of counsel regarding trial counsel's preparation and recommendations regarding the evidence.

The Kansas Supreme Court has recognized that a defendant's due process rights are involved in a challenge to the State's failure to abide by a plea agreement. See *State v. Wills*, 244 Kan. 62, 65-68, 765 P.2d 1114 (1988) (citing *Mabry v. Johnson*, 467 U.S. 504, 81 L. Ed. 2d 437, 104 S. Ct. 2543 [1984], and *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 [1971]). Breach of a plea agreement denies the defendant due process. *State v. McDaniel*, 20 Kan. App. 2d 883, Syl. ¶ 1, 893 P.2d 290 (1995). We apply a de novo review when addressing claims that the State violated the terms of a plea agreement. See *State v. Johnson*, 258 Kan. 100, 899 P.2d 484 (1995); *State v. Hill*, 247 Kan. 377, 799 P.2d 997 (1990).

We do not find the State violated the plea agreement in this case. The State made no recommendations to the court at sentencing other than those stated in the plea agreement. Also, the plea agreement expressly limited any obligation by the State to the original sentencing hearing. Additionally, it was not a breach of the plea agreement for the State to argue in favor of enforcing the plea agreement at the hearing on the motion to withdraw the plea. The agreement expressly stated the sentencing court could sentence McGoldrick to concurrent or consecutive sentences.

We also agree with the State's arguments concerning McGoldrick's claims of insufficient evidence and infirmity of the charges. In *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 (1971), the court stated: "[A] plea of guilty freely and voluntarily entered after consultation with counsel and with full knowledge of the possible consequences waives any defects or irregularities occurring in any of the prior proceedings. [Citations omitted.] This is so even though the defects may reach constitutional dimensions." See also *Young v. State*, 206 Kan. 318, 319, 478 P.2d 194 (1970) (claim that no probable cause existed for issuance of arrest warrant waived by guilty plea); *Dexter v. Crouse*, 192 Kan. 151, 153, 386 P.2d 263 (1963) (conviction cannot be challenged based on claim of illegal search and seizure when defendant voluntarily pled guilty); *Greenwood v. State*, 30 Kan. App. 2d 870, 872, 50 P.3d 105 (2002) (a guilty plea, freely given, waives any defects or irregularities occurring prior to the plea even if the defect reaches constitutional dimensions).

The district court did not err in dismissing McGoldrick's motion for relief pursuant to K.S.A. 60-1507. The evidence stated in the record and presented to the court by competent counsel also supports the district court's decision that McGoldrick was not entitled to appear in court or have an evidentiary hearing on the motion. The files and records of the case conclusively show McGoldrick is not entitled to relief. See K.S.A. 60-1507(b); Supreme Court Rule 183(f),(g), and (j) (2003 Kan. Ct. Rules Annot. 213); *Doolin v. State*, 24 Kan. App. 2d 500, 501, 947 P.2d 454 (1997).

Affirmed.

JOHNSON, J., dissenting: McGoldrick's counsel failed to appeal the denial of the motion to withdraw his plea. Citing to *Chamberlain v. State*, 236 Kan. 650, 657, 694 P.2d 468 (1985), the majority apparently found counsel's performance deficient but not prejudicial under the second part of the ineffective assistance of counsel test. The majority then sets forth the reasons that such an appeal would have been unsuccessful. I disagree.

K.S.A. 2003 Supp. 22-3210 establishes certain prerequisites to the taking of a guilty or no contest plea. The majority acknowledges the requirement in a felony case that the court address the defendant personally and determine that the plea is being made voluntarily and knowingly. K.S.A. 2003 Supp. 22-3210(a)(3). No mention is made of the condition precedent in K.S.A. 2003 Supp. 22-3210(a)(2), which requires, *inter alia*, that "in felony cases the court has informed the defendant . . . of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

At the plea hearing, the court first reviewed the plea agreement and recited that "the State is agreeing to recommend that the Court find that the aggravated robbery, as set out in Count Seven, is the primary offense and that the Court impose a sentence corresponding to the middle number in the appropriate sentencing guidelines grid box on each count and that the sentences on each count be served concurrently." The court then asked whether McGoldrick understood that the plea agreement's sentencing provisions were only a recommendation and that "the Court is not required to follow it but will be considering recommendations from both attorneys at your sentencing hearing." The court then advised McGoldrick: (1) that the robbery charges carry a range of sentence from as low as 31 months to as high as 136 months, depending upon criminal history; (2) that the aggravated robbery charge carries a range of sentence from 46 months to as high as 206 months, depending on criminal history; and (3) that the cocaine possession charge carries a sentence range of 10 to 42 months, depending on criminal history.

Conspicuously, McGoldrick was not advised that the sentencing judge had the discretion to impose the sentences consecutively,

which could result in a prison term as high as 412 months. See K.S.A. 2003 Supp. 21-4720(b)(4). Although the court identified aggravated robbery as the "primary offense," it did not explain that the "base sentence" was the penalty imposed for the primary offense. Further, the court's explanation that the possible sentences on all counts depended upon criminal history was misleading, given that full criminal history is only applied to the base sentence. See K.S.A. 2003 Supp. 21-4720(b)(5).

The district court did refer to the form entitled "Defendant's Acknowledgment of Rights and Entry of Plea" and ascertained that McGoldrick understood the document. That document did recite that McGoldrick understood that the court had the discretion to order the sentence for each offense to be served concurrently or consecutively, with the limitation that the length of the total sentence imposed "may not exceed twice the base sentence." Conspicuously, the form did not identify which of the 12 counts listed was to carry the "base sentence," *i.e.*, which sentence was to be doubled to establish the outer limit of prison time. The document did not state the maximum sentence in terms of 412 months.

McGoldrick's trial counsel did not tell his client that the total prison sentence could be 412 months. When asked at the plea withdrawal hearing whether he made it clear to his client that the court did not have to follow the plea agreement, the attorney responded:

"You know, I have to say that there's some ambiguity with that. I told him there was a possibility of consecutive sentences. There is no question about that. There is a question in my mind as to whether—you know, I might have tried to be persuasive, say something like, 'You might want to do this. In this case this is my best advice for you. I think the Judge will follow it. So, therefore, this is your best opportunity.' I'm sure I gave him that kind of speech, because I certainly felt that way. I thought it was in his own best interests and welfare. It turned out to be very wrong, but that's what I thought at the time."

The majority intimates that McGoldrick could have done his own calculation of what the actual maximum term of imprisonment would be with consecutive sentences, given the information he was provided. Such a presumption assumes McGoldrick had a working knowledge of the complexities of the Kansas Sentencing Guide-

lines Act (KSGA), K.S.A. 21-4701 *et seq.*, and could have pieced together the various bits of information to apply that Act. That burden should not be placed upon a defendant.

That McGoldrick was unaware that the calculation was his responsibility is highlighted by his question to the prosecutor during the hearing on his plea withdrawal motion, where he asked, "I mean shouldn't the Judge or the D.A. or somebody notify me that the maximum penalty I can receive is 412 months versus the 194 I was pleading to? Shouldn't somebody have said something?"

I would answer that question in the affirmative. We invest our district judges with unfettered discretion to disregard joint sentencing recommendations without the necessity of making any findings or proffering any explanation and without having any appellate review of their discretionary actions. It is not too much to ask that, prior to accepting a guilty plea, the district court clearly and unequivocally advise the defendant of the maximum penalty that may lawfully be imposed, in terms that a defendant can readily understand without knowing the intricacies of the KSGA. Such notice would include the total prison sentence, as set forth in K.S.A. 2003 Supp. 21-4720(b)(4), where multiple convictions are involved.

The majority cites to *Wadsworth v. State*, 25 Kan. App. 2d 484, 486, 967 P.2d 337, *rev. denied* 266 Kan. 1116 (1998), for the rule of law that the court is not required to inform the defendant of the possibility that sentences could run consecutively. I agree with that rule in the context of *Wadsworth's* facts. There, the district court advised the defendant that he could be facing up to 172 months in prison; the waiver of rights form declared that the defendant understood he could be sentenced to " 'a maximum term of not less than seventy-seven (77) months nor more than eighty-six (86) months.' " 25 Kan. App. 2d at 485. The sentencing court imposed two consecutive prison terms of 38 months, for a total prison sentence of 76 months. The gist of the required holding in *Wadsworth* was that, if a defendant is advised of the maximum number of months to which he or she may be sentenced, it is immaterial whether the defendant is told the manner in which the court can arrive at that maximum sentence. However, I reject an expansion

of the *Wadsworth* rule to excuse a district court from advising a defendant of the maximum prison term based upon a consecutive sentencing calculation.