NOT DESIGNATED FOR PUBLICATION

Nos. 117,856
117,857
117,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELLER W. POLK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 21, 2018. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge assigned.

PER CURIAM: In this consolidated appeal, Russeller W. Polk raises two issues. First, Polk argues that he cannot remain under sentences that were imposed as the result of convictions for refusing to submit to a chemical test, claiming that the Kansas Supreme Court has found this crime to be facially unconstitutional. Second, Polk argues that the district court erred in imposing 36 months of probation during his sentencing for

1

a level 9 felony, claiming that the district court failed to follow K.S.A. 2017 Supp. 21-6608(c)(5) which might have allowed an exception to the presumed 12-month probation period.

With regard to the first issue, we find that Polk's guilty pleas deprive us of the necessary jurisdiction to consider Polk's appeal on these issues. We also find that Polk's appeal of this issue is untimely. Even if we were to construe Polk's appeal as a motion to correct illegal sentence, the constitutional issue Polk raises is not the proper subject of such a motion. Finally, Polk has appealed from his probation revocation hearing. The appeal of a probation revocation may properly be considered a "direct appeal" thereof, but it may not raise issues related to the original conviction or sentence.

With regard to the second issue, we conclude that the particularized findings made by the district court were sufficient to support the district court's decision to order 36, rather than 12, months of probation pursuant to K.S.A. 2017 Supp. 21-6608(c)(5). Based upon these findings, we affirm.

FACTUAL AND PROCEDURAL HISTORY

A.    *13CR1872*

On July 11, 2013, the State charged Polk with five criminal counts in 13CR1872: (1) refusing to submit to a test to determine the presence of alcohol or drugs, a nongrid nonperson felony in violation of K.S.A. 2012 Supp. 8-1025(a)(2); (2) DUI habitual violator, a class A misdemeanor in violation of K.S.A. 2012 Supp. 8-285 and K.S.A. 2012 Supp. 8-287; (3) no proof of insurance, a class B misdemeanor in violation of K.S.A. 2012 Supp. 40-3104(c); (4) refusal of a preliminary breath test, an infraction in violation of K.S.A. 2012 Supp. 8-1012; and (5) speeding, an infraction in violation of K.S.A. 2012 Supp. 8-1558.

On February 10, 2014, Polk filed a motion to dismiss, arguing that K.S.A. 2012 Supp. 8-1025 was facially unconstitutional. On April 4, 2014, the State added a sixth charge, driving under the influence, a nongrid nonperson felony in violation of K.S.A. 2012 Supp. 8-1567(a)(3). The same day, Polk entered into a plea agreement with the State, wherein Polk agreed to plead guilty to the test refusal, habitual violator, and DUI charges in exchange for the State dismissing all other charges. There is no transcript of the plea hearing in the record on appeal; however, the district court accepted his plea and denied his motion to dismiss on the same day.

B.      *13CR3278*

On November 26, 2013, the State charged Polk with one count of criminal threat, a severity level 9 person felony in violation of K.S.A. 2013 Supp. 21-5415(a)(1). The charge stemmed from an alleged threat Polk made against a neighbor.

On July 20, 2014, Polk entered into a plea agreement with the State. The plea agreement did not modify the charge Polk faced in the case but, instead, addressed how the parties would approach sentencing. The district court held a plea hearing in this case on July 21, 2014, and, after a detailed colloquy with Polk about his rights, accepted his plea of guilty to the crime of criminal threat, a level 9 person felony.

C.      *14CR2269*

On September 8, 2014, the State charged Polk with refusal to submit to a test to determine presence of alcohol or drugs, a nongrid nonperson felony in violation of K.S.A. 2012 Supp. 8-1025(a)(1), and driving while intoxicated habitual violator, a class A misdemeanor in violation of K.S.A. 2012 Supp. 8-285 and K.S.A. 2012 Supp. 8-287.

On January 7, 2015, Polk pled guilty without a plea agreement to both counts.

3

D.      *Facts Relevant to All Cases*

In all three cases, on September 30, 2014, Polk filed simultaneous pro se motions to withdraw from plea agreements and to dismiss his counsel. On October 10, 2014, the district court noted that Polk's motion to dismiss counsel was moot due to a conflict. On December 22, 2014, after a hearing on the issue, the record indicates Polk withdrew his motions to withdraw his pleas.

On January 21, 2015, the district court sentenced Polk in all three cases. In case 13CR1872, the district court sentenced Polk to a controlling sentence of 24 months of jail time, suspended to 36 months of probation after he served approximately 270 days in jail. In case 13CR3278, the district court sentenced Polk to 11 months of prison time, suspended to 36 months of probation that began after he completed his jail time in the other cases. Finally, in case 14CR2269, the district court sentenced Polk to a controlling, underlying sentence of 24 months of jail time, to run consecutive to the other sentences, with the sentence suspended to 36 months of probation after he served some jail time. Ultimately, between all three sentences, the district court ordered that Polk serve approximately 18 months of jail time and 6 months of house arrest, with his probation to start once he was released from jail.

At some point prior to February 6, 2017, Polk was released from jail and began his probation sentence. On February 6, 2017, Polk possessed and consumed illicit drugs, tested with a blood alcohol content above the legal limit, and drove a vehicle while on a suspended license. Following these actions, the district court issued a warrant for Polk's arrest on February 10, 2017.

On March 31, 2017, the district court held a probation revocation hearing in all three cases. The district court determined that Polk violated the terms of his probation in numerous ways and imposed the underlying sentences in all three cases.

4

On April 18, 2017, Polk filed a notice of appeal in all three cases. On June 15, 2017, Polk filed a pro se motion to correct an illegal sentence only in case 13CR1872, but the district court does not appear to have addressed this motion.

## MUST POLK'S CONVICTIONS FOR REFUSING TO SUBMIT TO A CHEMICAL TEST BE VACATED?

In his first issue on appeal, Polk urges us to vacate his two underlying convictions for refusing to submit to a chemical test. These convictions occurred as the result of guilty pleas in cases 13CR1872 and 14CR2269. At the time of the guilty pleas, the basis for the charges and convictions was K.S.A. 2012 Supp. 8-1025.

Polk is correct that in *State v. Ryce*, 306 Kan. 682, 700, 396 P.3d 711 (2017), the Kansas Supreme Court found K.S.A. 2016 Supp. 8-1025 to be facially unconstitutional. Polk argues that under United States Supreme Court precedents, he cannot be denied his right to raise the lack of constitutional grounds underlying his convictions, regardless of statutory restrictions on his right to appeal. Polk believes that because K.S.A. 2016 Supp. 8-1025 was found unconstitutional after he pled guilty and was sentenced, he is entitled to have his convictions vacated.

The State asserts that this court does not have jurisdiction to hear Polk's appeal as to his convictions under K.S.A. 2012 Supp. 8-1025 as Polk is directly appealing his convictions following successful guilty pleas. Specifically, the State asserts that this court is without jurisdiction as Polk did not raise this appeal from the correct posture, as he has not filed a motion to withdraw his plea.

This issue involves a question of law over which an appellate court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

5

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. In Kansas, criminal defendants are granted an appeal as a matter of statutory right from any judgment against them. See K.S.A. 2017 Supp. 22-3602. However, K.S.A. 2017 Supp. 22-3602(a) broadly prohibits an appeal of a defendant's conviction following a guilty plea, stating in relevant part: "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere." Moreover, Kansas law is well settled that

> "[a] defendant cannot take a direct appeal from a conviction flowing from a guilty plea. Such defendant must first file a motion to withdraw plea in the district court. If that motion is denied, a direct appeal may follow. The defendant's failure to file a motion to withdraw plea in the district court in this case deprives the court of appellate jurisdiction." *State v. Hall*, 292 Kan. 862, Syl. ¶ 1, 257 P.3d 263 (2011).

Although a defendant who pleads guilty to a crime can still appeal his or her *sentence*, K.S.A. 2017 Supp. 22-3602(a) is a jurisdictional bar to a defendant's appeal of his or her *conviction* resulting from a guilty plea. As a result, an accused who enters a voluntary plea of guilty waives any defects or irregularities occurring in any of the prior proceedings in district court, "'even though the defects may reach constitutional dimensions.'" *State v. Edgar*, 281 Kan. 30, 39, 127 P.3d 986 (2006) (quoting *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 [1971]). Contrary to Polk's argument, prior Kansas cases have analyzed the issue in the context of alleged constitutional violations. See *Melton*, 207 Kan. at 713; see also *Young v. State*, 206 Kan. 318, 319, 478 P.2d 194 (1970) (claim that no probable cause existed for issuance of arrest warrant waived by guilty plea); *Dexter v. Crouse*, 192 Kan. 151, 153, 386 P.2d 263 (1963) (conviction cannot be challenged based on claim of illegal search and seizure when defendant voluntarily pled guilty); *Greenwood v. State*, 30 Kan. App. 2d 870, 872, 50 P.3d 105 (2002) (defendant's collateral attack claiming his conduct did not violate statute was waived by guilty plea).

Polk acknowledges there are no Kansas cases in support of his position. Instead, Polk cites several federal decisions in support of his argument. In *Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974), a North Carolina penitentiary inmate, Perry, was convicted of misdemeanor assault in District Court of Northampton County and sentenced to serve six months at the completion of his prison term. Perry filed a notice of appeal to the Northampton County Superior Court, which entitled him to a trial de novo. Instead of proceeding with the de novo trial, the prosecutor obtained a grand jury indictment charging him with the felony of assault with a deadly weapon with intent to kill inflicting serious bodily injury. Perry pled guilty and was sentenced to a five- to seven-year term to be served concurrently with his current identical sentence. Perry then filed a federal habeas corpus case, claiming a violation of his due process rights under the Fourteenth Amendment to the United States Constitution. The Court specifically considered "whether, because of his guilty plea to the felony charge in the Superior Court, Perry is precluded from raising his constitutional claims in this federal habeas corpus proceeding." 417 U.S. at 29. The Court concluded that Perry could proceed in his federal case to raise a constitutional claim notwithstanding his guilty plea in state court. 417 U.S. at 31.

Clearly, that is not the case here. First, Polk is directly appealing a criminal conviction, entered upon a plea of guilty, in state court. Second, *Blackledge* is limited to the facts of the case:  The State was punishing Perry for appealing his conviction by filing a felony, rather than a misdemeanor, charge. Third, *Blackledge* does not address a statute of conviction that was later declared unconstitutional.

Also cited by Polk, *Menna v. New York*, 423 U.S. 61, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975), is likewise distinguishable. In *Menna*, the defendant was adjudicated in contempt of court under a New York state law for failing to testify before a grand jury and sentenced to 30 days in civil jail. The next year, he was indicted for his refusal to answer questions before the grand jury. After unsuccessfully asserting the Double

7

Jeopardy Clause, he pled guilty and was sentenced. Certiorari was granted to review a judgment of the New York Court of Appeals affirming the conviction. The Court held that where the State was precluded by the Double Jeopardy Clause from haling a defendant into court on a charge, federal law required that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. The Court reversed the judgment of the New York Court of Appeals and remanded the case for a determination of defendant's double jeopardy claim on the merits. 423 U.S. at 62-63. This case is also not analogous to Polk's situation.

Additionally, in *Tollett v. Henderson*, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973), a case cited by many federal decisions on the issue, the Court reached the opposite conclusion than the Court in *Blackredge* and *Mann*. *Tollett* involved the alleged unconstitutional exclusion of African-Americans from a grand jury which had indicted Henderson. Henderson later pled guilty to murder and challenged his conviction on his constitutional right to have a properly selected grand jury. The Court rejected the argument and held that "[f]or nearly a hundred years it has been established that the Constitution prohibits a State from systematically excluding Negroes from serving upon grand juries that indict for crime and petit juries that try the factual issue of the guilt or innocence of the accused." 411 U.S. at 261. Nonetheless, the Court further held that

> "after a criminal defendant pleads guilty, on the advice of counsel, he is not automatically entitled to federal collateral relief on proof that the indicting grand jury was unconstitutionally selected. The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." 411 U.S. at 266.

Polk also cites *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), in support of his position. The *Montgomery* Court held where a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule. 136 S. Ct. at

736. However, Polk has cited the case out of context. There is no new substantive rule of constitutional law at play in this case.

Polk further argues that a recently decided case, *Class v. United States*, 583 U.S. ____, 138 S. Ct. 798, 200 L. Ed. 2d 37 (2018), requires us to find in his favor. Class pled guilty in United States District Court for the District of Columbia to possession of a firearm on U.S. Capitol grounds. Class had a written plea agreement that set forth the terms of his guilty plea, but that agreement said nothing about the right to raise on direct appeal a claim that the statute of conviction was unconstitutional. After sentencing, Class filed a direct federal appeal challenging the constitutionality of the statute of conviction. On appeal, the question was "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." 138 S. Ct. at 803. The United States Supreme Court held a guilty plea itself does not bar a federal criminal defendant of making such a challenge on direct appeal. However, the holding was limited to the circumstances of that particular case and specifically limited to a "federal criminal defendant." 138 S. Ct. at 803.

> "In sum, the claims at issue here do not fall within any of the categories of claims that Class' plea agreement forbids him to raise on direct appeal. They challenge the Government's power to criminalize Class' (admitted) conduct. They thereby call into question the Government's power to "'constitutionally prosecute'" him. A guilty plea does not bar a direct appeal in these circumstances." 138 S. Ct. at 805.

There are similarities between *Class* and the present case in that Class challenged the constitutionality of the statute of conviction. But the *Class* Court appears to base its ruling on federal law, including an examination of federal criminal procedure. It also appears to be limited to a "federal criminal defendant." There is no United States Supreme Court case analogous to Polk's situation.

The right to appeal in Kansas is purely based on Kansas statutory law. The right to appeal within the federal system remains within federal statutes. Because the right to appeal is entirely statutory within each individual system, we find that the holding in *Class* does not affect the longstanding rule under Kansas law that Polk cannot directly appeal his state criminal convictions following a guilty plea, even when a constitutional issue is raised. *Edgar*, 281 Kan. at 39. There is no indication from the language in *Class* that it is meant to apply to anything except federal appeals. The line of United States Supreme Court cases discussed herein remain applicable to the individual facts of each case.

In sum, we continue to follow Kansas law which provides no exception to the rule that a direct appeal of a criminal conviction cannot be taken following a guilty plea without first filing a motion to withdraw plea in district court.

While K.S.A. 2012 Supp. 8-1025 was declared unconstitutional after Polk pled guilty and was sentenced, Polk was not without any remedy. Kansas law provides Polk with adequate remedies to raise his constitutional claims against his convictions outside of a direct appeal. While K.S.A. 2017 Supp. 22-3602(a) says "[n]o appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere," the statute goes on to allow appeals on "other grounds going to the legality of the proceedings . . . as provided in K.S.A. 60-1507."

Polk could have filed a motion to withdraw his plea postconviction pursuant to K.S.A. 2017 Supp. 22-3210(d)(2). This was the procedure outlined by the Kansas Supreme Court in *State v. Hall*, 292 Kan. 862, Syl. ¶ 1, 257 P.3d 263 (2011).

Polk does not argue why this procedure is insufficient to protect his constitutional claim. And if Polk were unsuccessful on a motion to withdraw plea, K.S.A. 2017 Supp. 22-3602(a) does not preclude a defendant who has pled guilty or nolo contendere from

10

taking a direct appeal from the district court's denial of a motion to withdraw the plea. See *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995).

As Polk has failed to demonstrate why this court should ignore the statutory prohibition in K.S.A. 2017 Supp. 22-3602, this court is without jurisdiction to hear his direct appeal of his criminal convictions for refusing to submit to a chemical test.

Beyond this jurisdictional bar to Polk's claim, Polk's direct appeal of these two convictions is also untimely. Polk had 14 days from his sentencing to raise a direct appeal against his convictions. See K.S.A. 2017 Supp. 22-3608(c). The district court sentenced Polk on January 21, 2015. Polk filed this appeal on April 18, 2017, over two years after the deadline to file a direct appeal of his conviction. For this additional reason, Polk's appeal of this issue is without merit.

In the event Polk's appeal might be construed as a motion to correct an illegal sentence, he is still not entitled to relief. An "illegal sentence" as contemplated by K.S.A. 2017 Supp. 22-3504(1) is "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

K.S.A. 2017 Supp. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 263, 264, 373 P.3d 781 (2016). However, generally, a sentence is not illegal if it is illegal only due to a constitutional violation. *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016). Thus, even if the court were to construe Polk's argument as a motion to correct illegal sentence, he is not entitled to relief.

A final problem with Polk's position is that Polk is appealing underlying convictions within the context of a direct appeal from a probation revocation hearing. A timely, direct appeal of a probation revocation can only be related to the matters surrounding the probation revocation proceeding itself. "The appeal of a probation revocation may properly be considered a 'direct appeal' thereof, but it may not raise issues related to the original conviction or sentence." *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 (2007).

For all of these reasons, we hold that Polk is not entitled to relief on his first issue.

DID THE DISTRICT COURT ERR IN SENTENCING POLK
TO 36 MONTHS OF PROBATION IN 13CR3278*?*

In Polk's second issue on appeal, he argues that his sentence in 13CR3278 is illegal because it does not conform to the applicable statutory provisions found at K.S.A. 2017 Supp. 21-6608(c)(3) and (5). Polk admits he did not raise this issue at the trial court level; however, K.S.A. 2017 Supp. 22-3504(1) provides that a court may correct an illegal sentence at any time.

K.S.A. 2017 Supp. 21-6608(c)(3) provides that "in felony cases sentenced at severity levels 9 and 10 on the sentencing guidelines grid for nondrug crimes . . . if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation of up to 12 months." In 13CR3278, Polk was convicted of criminal threat, a severity level 9 person felony, and placed on probation. However, instead of ordering Polk to serve a period of 12 months of probation, the district court ordered 36 months.

K.S.A. 2017 Supp. 21-6608(c)(5) permits the district court to impose a longer period of probation than the terms found at (c)(3) "if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be

12

jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsection (c)(3) . . . the court may impose a longer period of probation."

At the sentencing hearing on January 21, 2015, the district court made a number of findings relevant to all three cases for which Polk was being sentenced. These comments referred to Polk's significant history with alcohol. While sentencing Polk in 13CR1872, the district court referred to Polk as "an alcoholic." The district court went on to state:

> "And my problem, Mr. Polk, is that you have shown absolutely no respect for any of the traffic laws, including and up to and including what is one of the more violent crimes in our community and that is drinking and driving. There is a lot of crimes you can do where nobody gets killed. This is a crime where a lot of people get killed.
>
> . . . .
>
> ". . . That's the way it goes, but with you, you're not supposed to be driving, you're not supposed to be drinking, Lord knows you're not supposed to be doing both and you've done it over and over again. You've got caught probably one out of the 50 times you've done it."

The district court then turned to 13CR3278:

> "So okay then, in Count—in second case he'll be, I'm going to go ahead and sentence him to the high number, 11 months in the custody of the Secretary of Corrections with 12 months post release supervision. I will go ahead and approve probation from the confinement portion of that sentence for a period of right now 36 months. I'll specifically make the finding under the statute under the nature and circumstances of his alcoholism, his prior criminal history, which does include mostly traffic stuff and so forth, but clearly serious alcohol problems. I assume, based upon what I know, that he was [under] the influence when this occurred, and so I think that it is justified to have an extended probation period of 36 months in that case. If we get to the point we've gone through treatment and got everything taken care of and we need to reduce that, then I'll certainly consider that at some point."

13

Before us, Polk argues the district court failed to articulate the public safety or welfare findings with particularity. The State has failed to respond to this argument; however, the State's failure does not preclude meaningful review. When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to a concern with details. *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Identifying specific needs of the defendant or specific ways the defendant threatens the community are sufficient to overcome the particularity requirement. See *State v. McIntyre*, 30 Kan. App. 2d 705, 709, 46 P.3d 1212 (2002); *State v. Bledsoe*, No. 111,955, 2015 WL 5036821, at * 3-4 (Kan. App. 2015) (unpublished opinion).

With regard to the safety risk Polk presented to the community, while the district court generally referenced Polk's prior criminal history in its findings, when considered in the context of the entire sentencing hearing, it is clear the district court was referring to the fact that Polk was also being sentenced that day on his ninth and tenth lifetime DUI convictions. The district court spent considerable time outlining the severe risk Polk presented to the community and his past failures at rehabilitation from alcohol. The district court also noted Polk's continued need for treatment and showed a willingness to reduce Polk's probation if he was successful on probation. Considering past rehabilitation efforts had clearly failed Polk, the district court recognized a need for a longer probation period to assist Polk with his sobriety. We hold the district court's findings set forth, with sufficient particularity, reasons for finding both the safety of the members of the public would have been jeopardized, and Polk's welfare not served, by 12 months of probation.

Affirmed.

\* \* \*

ATCHESON, J., concurring: I concur in the result the majority reaches on the first issue Defendant Russeller W. Polk has raised on appeal. He has failed to assert any valid

14

legal ground to set aside his convictions for violating K.S.A. 2012 Supp. 8-1025. I join in the majority opinion as to the second issue, rejecting his challenge to the Sedgwick County District Court's decision to place him on probation for 36 months for felony criminal threat as permitted by K.S.A. 21-6608 (c)(5).