(170 P.3d 436)
Nos. 96,716
96,717

STATE OF KANSAS, *Appellee*, v. MICHAEL H. CHETWOOD, *Appellant*.

Opinion filed November 2, 2007.

*Carl Folsom III*, of Kansas Appellate Defender Office, for the appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, for the appellee.

Before MCANANY, P.J., LEBEN, J., and BUKATY, S.J.

BUKATY, J.: Michael H. Chetwood appeals his probation revocation in one case and his sentence in another in these consolidated appeals. He argues in both that the State violated its plea agreement. He argues in just one of the cases that the district court erred in enhancing his sentence with prior convictions not proven to a jury beyond a reasonable doubt.

Chetwood agreed to plead guilty to a felony committed while he was on probation for another felony. In one of the terms of the plea bargain, the State agreed to recommend to the sentencing court a disposition of probation to residential community corrections on both the old and the new felony. The prosecutor made that recommendation to the district court at the sentencing hearing. He then introduced a community corrections officer (CCO) who recommended Chetwood be sentenced to a prison term without probation. Finding that this amounted to a violation of the terms of the plea bargain, we reverse and remand.

In 01CR1637, Chetwood pled guilty to one count of felony theft. On February 4, 2005, he was sentenced to 12 months' probation with an underlying term of 10 months' imprisonment.

On October 12, 2005, the State charged Chetwood in 05CR2727. In that case he pled no contest to one count of burglary and one count of misdemeanor theft. The plea agreement provided that the State would recommend probation to residential community corrections. In the written plea agreement Chetwood acknowledged, and the district court found, that he understood the consequences of the agreement and voluntarily entered his plea.

The court explained at the hearing that it was not bound by the sentencing recommendation in the plea agreement.

On March 9, 2006, Chetwood appeared at a hearing scheduled to address both the probation revocation in 01CR1637 and his sentencing in 05CR2727. The State recommended that the underlying sentence in 01CR1637 run consecutive to the sentence imposed in 05CR2727 and that the district court grant probation to Chetwood to residential community corrections. The prosecutor then told the court, "And, Your Honor, Miss Meyer is present from Community Corrections and would have a recommendation on the disposition of probation."

The CCO then recommended imprisonment. She stated that she understood "that the plea agreement has been presented to the Court. I feel that the defendant has had an opportunity to be probation [*sic*], and he went back out and re-offended, creating another victim. So I'm going to stand with my recommendation, Your Honor." She further stated that Chetwood committed the new offense just a few days after she had met with and counseled him. The CCO did not prepare the presentence investigation (PSI) report in either case.

The district court then sentenced Chetwood to 19 months' imprisonment in 05CR2727. It also revoked the probation in 01CR1637 and ordered Chetwood to serve the original 10-month sentence consecutive to the new sentence. The court correctly pointed out that although the offense in 05CR2727 was presumptive probation, special sentencing rules applied because the offense was committed while on probation and therefore incarceration was not a departure.

On appeal, Chetwood argues that the State violated the plea agreement when the CCO provided a sentencing recommendation contrary to that in the plea agreement. He urges this violation requires this court to vacate his sentence or allow him to withdraw his plea.

The facts render it appropriate here that we first determine whether this court has jurisdiction even though neither party raised the issue. Whether jurisdiction exists is a question of law over which

an appellate court has unlimited review. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006).

First, it appears that this court lacks jurisdiction to review the sentence in the newest case since Chetwood received a presumptive sentence. See K.S.A. 21-4721(c)(1); *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000). He was sentenced in accordance with K.S.A. 2006 Supp. 21-4603d(f), which provides that when a new felony is committed while on probation for a prior felony, the sentencing court must impose consecutive sentences and the new sentence may be imprisonment, even if the new crime was presumptive probation. Accordingly, the imprisonment sentence for the new crime does not constitute a departure sentence. K.S.A. 2006 Supp. 21-4603d(f).

Second, Chetwood did not object to the CCO's recommendation or the alleged violation of the plea agreement during sentencing. Generally, issues not raised below cannot be raised for the first time on appeal. *State v. Rojas*, 280 Kan. 931, 932, 127 P.3d 247 (2006). However, a new legal theory can be raised for the first time on appeal if (1) it involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or prevent a denial of fundamental rights; or (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Schroeder*, 279 Kan. 104, 116, 105 P.3d 1237 (2005). Additionally, a defendant can take a direct appeal and assert that the State violated the plea agreement. *State v. Crawford*, 246 Kan. 231, 234, 787 P.2d 1180 (1990).

Because the State's alleged violation of the plea agreement implicates Chetwood's due process rights, the fundamental rights exception applies. See *McGoldrick v. State*, 33 Kan. App. 2d 466, 472, 104 P.3d 416, *rev. denied* 279 Kan. 1007 (2005). Furthermore, Chetwood is asserting that the State violated the plea agreement. Accordingly, this court has jurisdiction to address the merits of the appeal.

As we stated, Chetwood contends the State violated the plea agreement because the CCO recommended a sentence contrary

to the sentence that the State agreed to recommend in the plea agreement. This court has unlimited review of such claims. 33 Kan. App. 2d at 472. The State's failure to abide by the terms of a plea agreement denies the defendant due process. 33 Kan. App. 2d at 472; *State v. McDaniel*, 20 Kan. App. 2d 883, 888, 893 P.2d 290 (1995). In *Santobello v. New York*, 404 U.S. 257, 261-62, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), the Court held that a plea must be voluntarily and knowingly made, and if it was induced by promises, those promises must be made known and fulfilled.

Here, the written plea agreement in 05CR2727 indicated that in exchange for Chetwood's no contest plea, the

"State will recommend the low number on Count 1 and 12 months on Count 2; Counts to run consecutive to one another. The State will recommend that in case 01 CR 1637, that the underlying sentence of 10 months be imposed consecutive to 05 CR 2727, the present case. As to sentence recommendations in 05 CR 2727 and disposition recommendations in 01 CR 1637, the State recommends that the defendant be placed on probation with Community Corrections - Residential. The Defendant is free to seek an alternative disposition."

At sentencing, the prosecutor made the recommendation called for in the agreement. He then introduced the CCO. She voiced her recommendation that was contrary to the prosecutor's on the issue of incarceration versus probation.

Chetwood asserts that although the prosecutor followed the plea agreement and recommended probation, the CCO's recommendation of incarceration violated the plea agreement because the State knew the CCO had a recommendation. He maintains that the State "put on the testimony" of the CCO, which violated the plea agreement and sabotaged the State's recommendation. He contends the State effectively recommended incarceration through the CCO's testimony and the district court followed this recommendation in making its decision.

Whether a CCO's sentencing recommendation violates a plea agreement made between the defendant and the State presents a question of first impression for this court.

As a starting point in our analysis, we note that in Kansas, a district court is not bound by plea agreements or sentencing recommendations. The court may impose a sentence independent of

any agreement or recommendations of the parties. *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005); see K.S.A. 21-4713. Sentencing courts are not allowed to be a party to a plea agreement and are not bound by its terms. *State v. Boswell*, 30 Kan. App. 2d 9, 13, 37 P.3d 40 (2001). It logically follows that if the CCO was an agent of the court, then she was not a party to the plea agreement, she was not bound by its terms, and her recommendation did not violate the plea agreement. On the other hand, if the CCO was an agent of the State and not the court, then she was bound by the plea agreement and her recommendation violated the plea agreement. See *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843 863 P.2d 364 (1993) (where KDOR was determined to be an agent of the State foreclosed from collecting a drug tax from a defendant under K.S.A. 79-5202 by the terms of a plea agreement between the defendant and the prosecutor in a related criminal case).

The State argues that a CCO may testify and offer recommendations concerning probation under K.S.A. 2006 Supp. 21-4610(b). That section provides that "[f]or crimes committed on or after July 1, 1993, in presumptive nonprison cases, the court services officer or community correctional services officer may recommend, and the court may order, the imposition of any conditions of probation or assignment to a community correctional services program." K.S.A. 2006 Supp. 21-4610(b). By its plain words, however, the statute does not address whether or when a CCO may offer a recommendation as to whether probation should be granted in the first place. The statute does not bear on the issue before us.

The State also contends that the district court did not rely on the CCO's recommendation in making its decision. The problem with the argument in this case is that one has to speculate without a clear indication from the record as to how much weight the sentencing court accorded to the CCO's comments in making its decision. We simply do not know. Also, it strikes us that the question of whether an accused received due process should not turn on the difficult discernment in most cases of just how much effect any one factor or recommendation had on a sentencing court's decision to grant or deny probation.

Some jurisdictions have held that plea agreements bind only the prosecutor. See, *e.g.*, *State v. Rogel*, 116 Ariz. 114, 116, 568 P.2d 421 (1977) (plea agreements are between the defendant and the prosecutor because "the State" refers only to the prosecutorial branch; police who prepare the PSI do not participate in the negotiations nor the agreement); *State v. Sanders*, 294 Mont. 539, 547, 982 P.2d 1015 (1999), *overruled on other grounds State v. Lone Elk*, 326 Mont. 214, 108 P.3d 500 (2005) (a probation officer is free to recommend a sentence contrary to that agreed on by the State because the officer's recommendation is not equivalent to the prosecutor's recommendation); *State v. Harris*, 102 Wash. App. 275, 287, 6 P.3d 1218 (2000), *aff'd State v. Sanchez*, 146 Wash. 2d 339, 46 P.3d 774 (2002) (the CCO was a neutral and independent participant in the sentencing process and was not functioning as the State's agent, was not a party to the plea agreement, and was not bound by it); *State v. McQuay*, 154 Wis. 2d 116, 130-31, 133, 452 N.W.2d 377 (1990) (like the sentencing judge, the person conducting the PSI is not bound by the terms of the plea agreement; probation officers act on behalf of the independent judiciary and are not agents of the State when preparing a PSI).

Of significance in *Harris*, the court noted that the CCO was not called by the State, nor did the State elicit further information from the CCO. The *Harris* court also noted that jurisdictions are split on the issue of who is bound by a plea agreement. 102 Wash. App. at 282-87.

The United States Tenth Circuit Court of Appeals appears to draw a distinction between a probation officer who conducts the PSI and other officers. The officer conducting the PSI is neutral and is acting as an agent of the court because the preparation of a PSI is not a prosecutorial function. *United States v. Rogers*, 921 F.2d 975, 979 (10th Cir.), *cert. denied* 498 U.S. 839 (1990). But in *Allen v. Hadden*, 57 F.3d 1529, 1535 (10th Cir.), *cert. denied* 516 U.S. 1000 (1995), the court held that when United States attorneys negotiate and enter into plea agreements, the federal government agrees to the terms of the agreement; however, through specific language, the government can limit its obligation to certain agents).

Other jurisdictions have likewise found an agreement by the prosecutor binds other officers. See *United States v. Harvey*, 791 F.2d 294, 302-03 (4th Cir. 1986) (the government at large is obligated on plea agreements entered into by United States attorneys; the obligation can be limited with specific language); *Lee v. State*, 501 So. 2d 591, 593 (Fla. 1987) (a law enforcement officer's recommendation in a PSI report violated the plea agreement because the officer was an agent of the State).

We conclude that under the facts here, the CCO's recommendation constituted a violation of the plea agreement. For whatever reason or reasons, the State and Chetwood each found it to their advantage to enter into this agreement. Presumably, each felt they had something to gain by doing so and each felt they had something to lose if they did not. Chetwood had the expectation that the State would recommend probation. The prosecutor did state the terms of the agreement to the district court. However, the force of those statements was diluted by the subsequent comments of the CCO, particularly when the prosecutor introduced the CCO saying she had a recommendation on the issue of probation. We hold that one of Chetwood's expectations from the plea agreement was not met in this situation.

We, therefore, conclude that the order of probation revocation should be reversed, and the sentence imposed on March 9, 2006, should be vacated, and the cases be remanded to the district court for rehearing before another judge.

For his second issue on appeal, Chetwood contends that his criminal history must be included in the complaint and proven to a jury beyond a reasonable doubt before it can be used to enhance his sentence. He acknowledges that this issue has been determined contrary to his position in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). He includes the argument in order to exhaust all state court remedies and preserve the issue for federal review.

In view of our vacating the sentences, the issue becomes moot. We merely, reiterate that this court is "duty bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position." *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847

(2004). We have made clear that there is no indication of a departure from the *Ivory* holding. See, *e.g.*, *State v. Burton*, 35 Kan. App. 2d 876, 882, 136 P.3d 945, *rev. denied* 282 Kan. 792 (2006); *Beck*, 32 Kan. App. 2d at 788.

Reversed and remanded with directions for a determination on probation revocation in 01CR1637 and for resentencing in 05CR2727, all before another judge.