NOT DESIGNATED FOR PUBLICATION

No. 110,355

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MICHAEL D. WILKINS,
*Appellant.*


MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed October 30, 2015. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., MCANANY and ATCHESON, JJ.


*Per Curiam*: Defendant Michael D. Wilkins contends a Shawnee County District Court jury erroneously convicted him of aggravated robbery because the evidence failed to establish he participated in the crime either as a principal or an aider and abettor. In light of the trial evidence and the highly deferential standard of appellate review accorded jury verdicts challenged as factually insufficient, we necessarily reject Wilkins' point and affirm the judgment of conviction.

1

In June 2011, three men approached Chase Wilson in the parking lot of a Topeka apartment during the late evening. The men hit and kicked Wilson; held him at gunpoint; took his cell phone, wallet, and pocketknife; and then fled. Wilson described the robbers as an African-American, a white, and a Hispanic. According to Wilson, the white robber pointed a handgun at him and then struck him with it. The trial evidence indicated the weapon was a BB gun rather than a firearm. After Wilson was struck with the gun, the robbers beat him and took his property. At trial, Wilson could not say specifically that Wilkins, who he identified as the African-American robber, hit him or kicked him. But Wilson testified that Wilkins pointed the handgun at him and told him to stay on the ground as the other two robbers took off. Wilkins then left, and Wilson sought help. Wilson was briefly hospitalized for a facial fracture and a laceration to the back of his head.

The jury heard the case against Wilkins in December 2012. Wilkins was charged with one count of aggravated robbery in violation of K.S.A. 21-3427. The district court instructed the jury on the elements of aggravated robbery consistent with PIK Crim. 3d 56.31:  (1) the defendant intentionally took property from the person or presence of the victim; (2) the taking was by threat of bodily harm or by force; and (3) the defendant was armed with a dangerous weapon or inflicted bodily harm on any person in the course of the conduct. And the district court separately instructed the jury on aiding and abetting as a theory of criminal liability this way:  "A person is criminally responsible for a crime if the person, either before or during its commission, and with the mental culpability required to commit the crime, intentionally aids another to commit the crime." The jury convicted Wilkins of aggravated robbery. The district court later sentenced Wilkins to serve 94 months in prison.

On appeal, Wilkins does not challenge the accuracy of those instructions in stating Kansas law. He contends the trial evidence failed to show he acted as an aider and abettor. In reviewing a sufficiency argument, we construe the evidence in a light most

favorable to the party prevailing below, here the State, and in support of the jury's verdict. An appellate court will neither reweigh the evidence generally nor make credibility determinations specifically. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014); *State v. Pham*, 281 Kan. 1227, 1252, 136 P.3d 919 (2006). The issue for review is simply whether rational jurors could have found the defendant guilty beyond a reasonable doubt. *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014).

We, therefore, have no need to outline or summarize all of the evidence presented during the 2-day jury trial. We simply highlight aspects of the testimony and other evidence supporting the jury's finding of guilt.

As we have already indicated, Wilson identified Wilkins as one of the three men who approached him and robbed him. So Wilkins was present throughout the robbery. He also prevented Wilson from following the other robbers as they fled or from immediately reporting the crime. In addition, Kandice Delk testified that she knew both Wilson and Wilkins. She told the jurors that sometime after the incident, Wilkins said he had robbed and pistol-whipped Wilson, taking his wallet and money in the process. Moises Marquez testified that he participated in the robbery with Wilkins and had entered into a plea deal with the State. Marquez said that after Wilson was initially struck with the handgun, Wilkins took the weapon and hit Wilson in the head with it. Finally, Wilson's wallet was eventually found on the roof of the apartment building where Wilkins lived with his father.

Without belaboring the obvious, that evidence—particularly Marquez' testimony—is sufficient to support the jury verdict. Although the testimony of a putative accomplice properly may be taken skeptically, especially if he or she has cut a deal, that goes to credibility and is for the jurors to assess. See *State v. Sharp*, 289 Kan. 72, Syl. ¶ 8, 210 P.3d 590 (2009) ("The credibility of an accomplice witness is subject to attack, and great leeway should be accorded the defense in establishing the witness' subjective

3

reason for testifying."); *State v. Davis*, 237 Kan. 155, 158, 697 P.2d 1321 (1985) ("[I]nquiry into whether the witness was offered any 'arrangement or deal' by the State in exchange for his testimony is crucial."). At this juncture, we accept Marquez' rendition of the robbery and Wilkins' participation in it in measuring the sufficiency of the evidence supporting the conviction.

Wilkins specifically argues the evidence that he held Wilson at gunpoint while his cohorts fled doesn't support his conviction because the aggravated robbery was complete at that point. We doubt that proposition. See *State v. Dunn*, 243 Kan. 414, 430, 758 P.2d 718 (1988) (get-away driver aids and abets in the criminal enterprise and may be found guilty although not participating at scene); *State v. Burton*, 35 Kan. App. 2d 876, 881-82, 136 P.3d 945 (driving get-away car from scene of robbery sufficient to support conviction as aider and abettor), *rev. denied* 282 Kan. 792 (2006). But even assuming the premise to be correct, the argument proves too little. Marquez' testimony and Wilkins' admissions to Delk establish criminal liability for the aggravated robbery without considering what Wilkins did to aid the others in getting away.

Affirmed.