NOT DESIGNATED FOR PUBLICATION

Nos. 115,495
115,497

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER CHRISTOPHER PILAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 5, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

*Per Curiam*: This is an appeal from a probation revocation in which Tyler Christopher Piland contends his decision to waive his right to an evidentiary hearing and to admit violating the terms of his probation was not voluntarily and intelligently made.

In case 13 CR 1096, Piland was charged with burglary and seven counts of theft. In case 13 CR 1650, he was charged with two counts of burglary, two counts of theft, and driving while his license was suspended. He pled guilty to the charges in both cases, and the cases were consolidated for sentencing. The parties recommended that Piland be

1

placed on probation. The court followed their recommendation and placed Piland on probation for 24 months, with an underlying prison sentence of 93 months.

In December 2014, Piland was charged with burglary in a new case, 14 CR 3256. Then, in February 2015, Piland was charged in yet another case, 15 CR 394, with three counts of criminal damage to property. Piland entered into a plea agreement with the State in which he agreed to enter guilty pleas in these two new cases, in exchange for which the State agreed that when it sought to have his probation revoked in his earlier cases, it would recommend that his sentences in those earlier cases be reduced from 93 months to 29 months.

In May 2015, and consistent with the plea agreement, Piland entered his guilty pleas, and the court found Piland guilty and set these cases for sentencing and for a hearing on the revocation of Piland's probation in his earlier cases.

In the hearing that followed, Piland waived his right to an evidentiary hearing on the claimed probation violations and admitted that he violated the terms of his probation by violating his curfew and committing new crimes. Based on these admissions, the district court found Piland had violated his probation.

Before proceeding to determining the appropriate disposition for Piland's probation violations, the court turned its attention to sentencing Piland for his most recent convictions in 14 CR 3256 and 15 CR 394. The State informed the court that it no longer considered itself bound by the plea agreement because Piland had been arrested and charged in yet another case, 15 CR 1917. Thus, the State requested that the court impose the maximum term in those cases and run the cases consecutively, rather than concurrently as contemplated in the plea agreement. The court agreed that the State was not bound by the plea agreement and declined to follow the plea agreement. The court

2

imposed a sentence of 31 months, the high number in the grid box, for Piland's conviction in 14 CR 3256, to be served concurrent with his sentence in 15 CR 394.

Returning to the disposition for Piland's probation violations, the court revoked Piland's probation and imposed the underlying 93-month sentence. In doing so, the court explicitly rejected Piland's request to modify his underlying sentence from 93 months to 29 months based upon the fact that Piland had committed additional crimes. The court found that the supervision of Piland "by any probationary agency is not effective or appropriate" and found Piland to be a "risk to public safety." Piland's appeal brings the matter to us.

Piland argues that the district court erred when it found he had voluntarily waived his right to an evidentiary hearing at which the State would have been required to prove the probation violations. His claim is based on his assertion that the State breached the plea agreement in 14 CR 3256 and 15 CR 394. He argues that the issue can be addressed for the first time on appeal because the violation of a plea agreement and the resulting sentence and probation revocation were all brought about by a denial of his fundamental right to due process. See Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35); *State v. Chetwood*, 38 Kan. App. 2d 620, Syl. ¶ 4, 170 P.3d 436 (2007), *rev. denied* 286 Kan. 1181 (2008); *State v. McDonald*, 29 Kan. App. 2d 6, 9, 26 P.3d 69 (2001). Accordingly, we will consider the matter.

In a companion appeal (this day decided), we rejected Piland's claim that the State breached the plea agreement. See *State v. Piland*, No. 115,496 (Kan. App. 2017) (unpublished opinion). Because Piland was arrested prior to sentencing in that case, the terms of the written plea agreement provided that the State was released from its obligations under the plea agreement. As such, the State was free to make a sentencing recommendation that differed from the plea agreement. We need not repeat our analysis of that claim as it is fully addressed in our opinion in the companion appeal.

Piland also claims that his waiver of an evidentiary hearing on his claimed probation violations was not voluntarily and intelligently made. He relies on his assertion that the admission of the probation violations "was made with an understanding that the State was going to hold up its end of the plea bargain." He claims that the plea agreement, which the State later disavowed, was what induced him to waive an evidentiary hearing on the matter of his claimed probation violations.

For support, Piland cites *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), for the principle that a statement that is coerced rather than freely and voluntarily given deprives the defendant of due process of law. But Piland fails to explain how he was coerced. Piland signed a written plea agreement, which contained a clause releasing the State from its promises in the event that Piland was arrested before sentencing. Piland does not assert that he was given assurances that the State would excuse the arrest if he would waive the evidentiary hearing on the probation revocation.

The plea agreement in this case is clear; it specifically stated that the State was not bound by the terms of the agreement in the event Piland was arrested or committed new crimes prior to sentencing. Piland signed the written plea agreement, and he makes no argument that he did not understand its terms. We find no evidence that Piland was coerced into admitting that he violated his probation or that his waiver was not voluntarily and intelligently made.

The district court did not violate Piland's due process rights by accepting his admissions and finding that he had violated his probation.

Affirmed.