NOT DESIGNATED FOR PUBLICATION

Nos. 116,211
116,212

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHO MY YA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed November 22, 2017. Sentence vacated and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

POWELL, J.: Cho My Ya entered into a plea agreement with the State in which she pled no contest to a number of crimes in three cases, including reckless second-degree murder. In exchange for her plea, the State agreed, among other things, to recommend "no more than a 25 year sentence" which would equal 300 months. However, at the sentencing hearing, the State recommended a sentence of 345 months, equaling more than 28 years in prison. The district court followed the State's recommendation. On appeal, Ya argues the State breached the plea agreement by recommending a sentence in

1

excess of 25 years. Ya also asserts that the district court abused its discretion in denying her motion for a downward dispositional and/or durational departure sentence to 180 months' imprisonment. Because we agree with Ya that the State breached the plain language of the plea agreement when it recommended a sentence in excess of 25 years, we vacate Ya's sentence and remand for resentencing. We decline to address Ya's other issue as it is moot.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2015, the State charged Ya in Case 15CR232 with one count of intentional first-degree murder under K.S.A. 2014 Supp. 21-5402(a)(1), an offgrid felony, for the death of her infant daughter. A few months later, the State charged Ya in Case 15CR587 with one count of falsely reporting a crime, a severity level 8 nonperson felony, and one count of interference with a law enforcement officer, a severity level 9 nonperson felony. The State also charged Ya in Case 15CR588 with six misdemeanor counts: five counts of violation of a protective order and one count of intimidation of a witness.

In October 2015, Ya entered into a plea agreement with the State in which she agreed to plead no contest to all nine criminal counts in the three cases. Ya also agreed to register as a violent offender and to file a motion for durational departure at sentencing. In exchange, the State agreed to amend Case 15CR232 to one count of reckless second-degree murder under K.S.A. 2014 Supp. 21-5403(a)(2), a severity level 2 person felony, and to recommend Ya serve "no more than a 25 year sentence in the Department of Corrections."

At the plea hearing, the State orally reviewed the written plea agreement with the district court—specifically stating that the State agreed to "recommend no more than a 25-year sentence with the Department of Corrections." The parties made two oral additions to the written plea agreement at the hearing: first, that Ya would waive her right

2

to a preliminary hearing, and second, that the State would end any contact limitations placed on Ya and her mother. Following these additions, each party confirmed that the written plea agreement was complete. Ya subsequently entered a no contest plea to all nine counts, including the one amended count of reckless second-degree murder. The district court accepted her plea and found her guilty.

In January 2016, Ya filed a motion for dispositional departure and/or durational departure to 180 months' imprisonment. Ya argued that substantial and compelling reasons existed for the district court to permit a sentence departure because of her (1) lack of criminal history, (2) young age and immaturity, (3) difficult childhood as a refugee in Thailand, (4) low threat to society, and (5) supportive family.

At the sentencing hearing in April 2016, the district court adopted the presentence investigation report's conclusion that listed Ya's criminal history score of B in Case 15CR232, containing the sole amended count of reckless second-degree murder, and a presumptive prison term between 416 months and 460 months. Additionally, the district court found Ya had a criminal history score of A in Case 15CR587 and that Ya's criminal history score in Case 15CR588 was of no consequence.

Later in the hearing, in support of her motion for a dispositional and/or durational departure, Ya admitted letters of support from her family and a psychological evaluation. Ya's family members also testified in support of her motion. The State opposed Ya's motion but admitted that it had agreed pursuant to the plea agreement that Ya should serve 345 months' imprisonment.

The district court denied Ya's motion for a dispositional departure but granted a downward durational departure to 345 months' imprisonment, citing Ya's young age, her immaturity at the time she committed the crimes, and her supportive family as substantial and compelling reasons to support the departure.

Ya timely appeals her sentence.

## Did the State Breach the Written Plea Agreement?

Ya argues on appeal that the State breached the written plea agreement because it agreed to recommend a prison term no longer than 25 years or 300 months under the plea agreement but recommended a longer term of 345 months' imprisonment to the district court at sentencing. "Whether the State breached the plea agreement presents a question of law over which we exercise unlimited review." *State v. Urista*, 296 Kan. 576, 582-83, 293 P.3d 738 (2013).

Ya concedes that she did not object to the State's recommendation at sentencing. Typically, parties may not raise issues for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But exceptions to the general rule apply, such as when

> "'(1) [t]he newly asserted claim involves only a question of law arising on proved or
> admitted facts and is determinative of the case; (2) consideration of the claim is necessary
> to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the
> district court is right for the wrong reason. [Citations omitted.]'" *State v. Godfrey*, 301
> Kan. 1041, 1043, 350 P.3d 1068 (2015).

The party asserting the error for the first time on appeal must invoke an exception and explain why the issue should be considered. 301 Kan. at 1043; Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). Here, Ya asserts the first two exceptions apply.

Another panel of this court addressed a similar situation in *State v. Meyer*, 51 Kan. App. 2d 1066, 360 P.3d 467 (2015). There, Meyer failed to raise the issue of the State's breach of his plea agreement before the district court but invoked the first two exceptions

4

on appeal. The *Meyer* panel found that the breach of a plea agreement may be heard for the first time on appeal:

> "There is no need to address the first exception, because the second exception clearly applies here. When the State violates a plea agreement, the defendant's due process rights are violated. *State v. Urista*, 296 Kan. 576, Syl. ¶ 2, 293 P.3d 738 (2013). As such, 'appellate courts may address the issue for the first time on appeal in order to serve the ends of justice or prevent a denial of fundamental rights.' *State v. Chetwood,* 38 Kan. App. 2d 620, Syl. ¶ 4, 170 P.3d 436 (2007), *rev. denied* 286 Kan. 1181 (2008). And although the State asserts in its brief that no denial of fundamental rights occurred, *Urista* instructs that a breach of the plea agreement violates the defendant's rights even when the district court's decision is unaffected by the State's actions. 296 Kan. 576, Syl. ¶ 2. In other words, this exception applies regardless of whether the defendant suffered harm from the State's breach. 296 Kan. 576, Syl. ¶ 2; *Chetwood,* 38 Kan. App. 2d 620, Syl. ¶ 4." 51 Kan. App. 2d at 1070.

Accordingly, we will address the merits of Ya's claim.

Kansas courts treat a plea agreement as a contract between the State and the defendant, and "'[a]n expectation inherent in all plea agreements is that each party will honor the terms of the agreement.'" *State v. Peterson*, 296 Kan. 563, 567, 293 P.3d 730 (2013) (quoting *State v. Woodward*, 288 Kan. 297, 300, 202 P.3d 15 [2009]).

> "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). If the State fails to fulfill a promise it made in a plea agreement, the defendant is denied due process." *Urista*, 296 Kan. at 583.

In reviewing the plea agreement on appeal, the "'application of fundamental contract principles is generally the best means to fair enforcement of a plea agreement, as

long as courts remain mindful that the constitutional implications of the plea bargaining process may require a different analysis in some circumstances.'" *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015) (quoting *Peterson*, 296 Kan. at 567). "'The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction.'" *State v. Tims*, 302 Kan. 536, 546, 355 P.3d 660 (2015) (quoting *Anderson v. Dillard's, Inc.*, 283 Kan. 432, 436, 153 P.3d 550 [2007]). In ascertaining the parties' intent, a court must construe all provisions together and in harmony with one another and should not engage in critical analysis of a single or isolated provision. *Iron Mound v. Nueterra Healthcare Management*, 298 Kan. 412, 418, 313 P.3d 808 (2013).

In reviewing the provisions of the plea agreement as a whole and in harmony with one another, the plea agreement provides an exchange of promises between Ya and the State. The written plea agreement provides: "The State of Kansas will be recommending to the Court no more than a 25 year sentence in the Department of Corrections." Additionally, the State agreed to amend Case 15CR232 to one charge of reckless second-degree murder. In exchange, Ya agreed to plead no contest to all nine charges the State brought against her in three criminal cases, to request a durational departure at sentencing, and to register as a violent offender.

Ya argues that the State breached the plea agreement by recommending a prison sentence over 25 years at the sentencing hearing. The State counters that the written plea agreement is ambiguous because the parties' plea negotiations show that the State intended Ya serve 25 years total imprisonment with the 15% good-time credits taken into account.

The State asks us to consider parol evidence from the parties' prior oral plea negotiations. But the parol evidence rule states that "[w]hen a contract is complete,

6

unambiguous, and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible." *Ives v. McGannon*, 37 Kan. App. 2d 108, 121, 149 P.3d 880 (2007) (citing *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, 679-80, 829 P.2d 884 [1992]). A plea agreement is ambiguous if it is reasonably susceptible to more than one interpretation; if the plea agreement is ambiguous, it must be strictly construed in favor of the accused. *State v. Case*, 289 Kan. 457, 462, 213 P.3d 429 (2009).

Contrary to the State's assertion on appeal, we find the plea agreement unambiguous. The agreement states that in exchange for Ya's promise to plead no contest to nine criminal counts, the State, among other things, will recommend Ya serve "no more than a 25 year sentence in the Department of Corrections." This quoted language is not susceptible to more than one reasonable interpretation. Further, "it is not too onerous a burden to require the State to be explicit about the terms it requires in plea agreements." *State v. Patton*, 287 Kan. 200, 228, 195 P.3d 753 (2008). In other words, if the State intended to recommend a sentence that included a 15% good-time credit calculation, then the State had the burden to include it in the plea agreement.

Accordingly, the State breached the plea agreement because it failed to fulfill its promise to Ya by recommending a sentence no longer than 25 years. By breaching the plea agreement, the State violated Ya's due process rights. See *Urista*, 296 Kan. at 583.

The State also argues that if we find it breached the plea agreement, we should find the error harmless because if Ya had asserted an objection at the sentencing hearing, then the State would have had the opportunity to clarify the meaning of its recommendation.

A breach of a plea agreement constitutes harmless error "only if a court can say beyond a reasonable doubt that the State's promise had little, if any, influence on the

7

defendant's decision to enter into the plea agreement." 296 Kan. at 594-95. The harmless error rule applies whether the defendant objects to the breach before the district court or raises the issue for the first time on appeal. *Meyer*, 51 Kan. App. 2d at 1071.

The State's argument is without merit. The State had an opportunity at the plea hearing to more clearly express its intention. We are not convinced that the State's promise had no influence on Ya's decision to enter into the plea agreement, and we find the State's breach of the plea agreement was not harmless. Therefore, we vacate Ya's sentence and remand the case for resentencing with instructions that the State specifically adhere to the plea agreement. Ya's other sentencing issue is moot.

Sentence vacated and case remanded with directions.