NOT DESIGNATED FOR PUBLICATION

No. 123,399

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN KALIK JACKSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Opinion filed September 16, 2022. Affirmed.


*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.


*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., MALONE and CLINE, JJ.


PER CURIAM: Juan Kalik Jackson appeals his sentence following his conviction of one count of distribution of marijuana, a severity level 2 drug felony. Jackson's only claim on appeal is that the district court erred in calculating his good time credit. We disagree with Jackson's claim and affirm the district court's judgment.


FACTS


In January 2020, Jackson pled guilty to one count of distribution of marijuana in violation of K.S.A. 2019 Supp. 21-5705(a)(4), a severity level 2 drug felony. Under the

1

plea agreement, the State agreed to recommend a downward departure for the court to sentence Jackson as though he were convicted of a level 3 drug felony, rather than a level 2. Before sentencing, Jackson filed a motion for durational departure. The motion acknowledged that Jackson had pled guilty to a level 2 drug felony.

At sentencing, the district court found that Jackson had a C criminal history score with a presumptive sentence of 130-123-117 months' imprisonment. After hearing brief remarks from both parties, the district court granted Jackson's motion for durational departure. The district court sentenced Jackson to 72 months' imprisonment, the highest number in the 3-C grid block. The district court ordered 36 months' postrelease supervision and found that Jackson was eligible to receive up to 15% good time credit. Jackson questioned whether the good time credit should be 20%, which is the statutory percentage for a level 3 drug felony. Noting that Jackson was convicted of a level 2 drug felony, the district court responded that his good time credit would be 15%. Jackson timely appealed his sentence.

ANALYSIS

On appeal, Jackson claims the district court erred in calculating his good time credit. He argues that he should have been eligible to receive good time credit for 20% of his prison sentence instead of 15% because the district court granted his motion for durational departure. Jackson asserts that if there is any confusion on what the amount of his good time credit should be, then he should receive the more favorable sentence under the rule of lenity. The State argues that the district court properly calculated the good time credit at 15% because Jackson was convicted of a level 2 drug felony.

Departure sentences are subject to appeal. See K.S.A. 2021 Supp. 21-6820(a). To resolve the issue, this court must engage in statutory interpretation, which presents a

question of law over which this court has unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021).

The sentencing grid for drug crimes is found in K.S.A. 2021 Supp. 21-6805(a). Offenders are placed in a box on the grid based on the intersection of the severity level of the current crime of conviction and the offender's criminal history classification. See K.S.A. 2021 Supp. 21-6803(l). Jackson had a C criminal history score, which he did not object to at the sentencing hearing. Jackson's conviction of distribution of marijuana in violation of K.S.A. 2019 Supp. 21-5705(a)(4) was a severity level 2 drug felony, which placed him in grid block 2-C. The presumptive sentencing range for a conviction in grid block 2-C is 130-123-117 months' imprisonment.

Jackson's plea agreement called for the State to recommend a downward departure for the court to sentence Jackson as though he were convicted of a level 3 drug felony, rather than a level 2. The plea agreement was silent on the good time credit percentage. The State recommended the downward departure at the sentencing hearing, and Jackson does not claim that the State did not fulfill the plea agreement. The plea agreement did not call for Jackson to receive 20% good time credit and even if it did, the district court is not bound to follow the terms of a plea agreement. *State v. Chetwood*, 38 Kan. App. 2d 620, 624, 170 P.3d 436 (2007).

K.S.A. 2021 Supp. 21-6815(a) requires a court to impose the presumptive sentence provided by the sentencing guidelines unless the court finds substantial and compelling reasons to impose a departure sentence. See *State v. Morley*, 312 Kan. 702, 706, 479 P.3d 928 (2021). Here, the district court found substantial and compelling reasons to depart based on the recommendation of the parties, as well as Jackson's acceptance of responsibility. As a result, the district court sentenced him to 72 months' imprisonment—the highest number in the 3-C grid block—rather than impose a sentence within the presumptive range in grid block 2-C.

Jackson argues that "[b]ecause the [district] court granted the durational departure to the sentence applicable to a level 3 drug felony, the district court erred in ordering the good-time credit applicable to a level 2 offense." He contends that "the court could not order a level 3 prison term combined with level 2 good time credit."

The amount of good time credit a defendant can receive is set forth in K.S.A. 2021 Supp. 21-6821(b)(2). Under K.S.A. 2021 Supp. 21-6821(b)(2)(A), a defendant convicted of a crime after July 1, 1993, is limited to an amount of good time credit "equal to 15% of the prison part of the sentence." But under K.S.A. 2021 Supp. 21-6821(b)(2)(C), a defendant convicted of a drug severity level 3 through 5 crime is limited to an amount of good time credit "equal to 20% of the prison part of the sentence." Jackson's conviction of distribution of marijuana in violation of K.S.A. 2019 Supp. 21-5705(a)(4) was a severity level 2 drug felony. Jackson argues that because his plea agreement called for the district court to sentence him as though he were convicted of a level 3 drug felony, rather than a level 2, he should receive good time credit of 20% rather than 15%. We disagree.

K.S.A. 2021 Supp. 21-6803(i) defines durational departure as "a departure sentence which is inconsistent with the presumptive term of imprisonment or nonimprisonment." The definition discusses only the term of imprisonment; it does not state that the granting of a durational departure changes the severity level of the crime of conviction. Nor do other statutes that discuss departure sentences. See, e.g., K.S.A. 2021 Supp. 21-6818; K.S.A. 2021 Supp. 21-6816; K.S.A. 2021 Supp. 21-6815. And our Supreme Court has stated that the granting of a departure does not change the nature of the crime of conviction. See *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009). Simply put, Jackson's conviction remained a severity level 2 drug felony, despite the durational departure he received.

Jackson's reliance on the rule of lenity is also misplaced. The rule of lenity applies when a statute is ambiguous. See *State v. Gensler*, 308 Kan. 674, 680, 423 P.3d 488

4

(2018). K.S.A. 2021 Supp. 21-6821(b)(2)(A) is unambiguous, as it clearly states that a defendant convicted of a crime such as Jackson's is limited to an amount of good time credit "equal to 15% of the prison part of the sentence."

In sum, the district court properly ordered that Jackson's good time credit be limited to 15% because he pled guilty to a severity level 2 drug felony, even though it granted Jackson's motion for durational departure. Because the amount of good time credit is fixed by statute, the district court had no authority to change the amount of good time credit Jackson could receive. Even if the court had authority to change the good time credit, it was not required to do so. The district court imposed a lawful sentence.

Affirmed.