NOT DESIGNATED FOR PUBLICATION

No. 128, 211

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY DUANE COWELL JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Miami District Court; RICHARD FISHER, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., BRUNS and BOLTON FLEMING, JJ.


PER CURIAM: Danny Duane Cowell Jr. appeals the sentence imposed by the district court after pleading guilty to driving under the influence (DUI). We granted Cowell's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) in lieu of filing a brief. The State has not responded to the summary disposition motion. Although Cowell concedes that his sentence was authorized under the Kansas DUI statute in effect at the time of his offense, he contends that the sentence imposed by the district court was unreasonable and was inconsistent with the plea agreement entered into by the parties. Based on our review of the record on appeal, we find that the district court did not abuse its discretion in sentencing Cowell. Thus, we affirm Cowell's sentence as imposed by the district court.

1

FACTS

On May 26, 2022, the State charged Cowell with DUI in violation of K.S.A. 8-1567(a)(1) and (b)(1)(E), committed on April 3, 2022. Additionally, the State charged Cowell with several other misdemeanor traffic offenses. Cowell later entered into a written plea agreement with the State.

In exchange for Cowell agreeing to plead guilty to the DUI charge, the State agreed to dismiss the traffic charges. In addition, the parties agreed to recommend that the district court impose a 12-month term sentence to be suspended after Cowell served 90 days in jail. But the plea agreement also provided that the sentencing recommendation was not binding on the district court.

At the plea hearing, the district court emphasized to Cowell—prior to accepting his guilty plea—that it was not bound by the sentencing recommendation set forth in the plea agreement. It also reviewed the maximum sentence that could be imposed. In response, Cowell indicated that he understood and still chose to plead guilty.

The district court accepted Cowell's guilty plea on the DUI charge and dismissed the traffic charges, but it declined to follow the parties' sentencing recommendation. Rather, the district court ordered Cowell to serve the full 12-month jail sentence authorized by K.S.A. 2021 Supp. 8-1567(b)(1)(E). In doing so, the district court explained that it felt this sentence was appropriate because Cowell had eight prior DUI convictions.

Thereafter, Cowell filed a timely notice of appeal.

ANALYSIS

The sole issue presented in the appeal is whether the district court abused its discretion by sentencing Cowell to 12 months in jail. In his summary disposition motion, Cowell concedes that the sentence imposed by the district court was authorized under K.S.A. 2021 Supp. 8-1567(b)(1)(E). Even so, he contends that the district court acted unreasonably in imposing a 12-month jail sentence. And he argues that the sentence imposed by the district court deprived him of the benefit of his plea bargain.

Generally, "[a] criminal sentence that is within [the] statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003); see *State v. Ross*, No. 126,074, 2023 WL 8520793, at *2 (Kan. App. 2023) (unpublished opinion). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). As the party alleging that the district court improperly imposed an unreasonable sentence, Cowell bears the burden to show an abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Under K.S.A. 2021 Supp. 8-1567(b)(1)(E)—which was in effect at the time Cowell committed his current offense—a person convicted of DUI on four or more occasions "shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500." Here, it is undisputed that Cowell pled guilty to a fourth or subsequent DUI offense. Consequently, the district court's sentence was legally appropriate.

It is understandable that Cowell would have preferred that the district court impose a lesser sentence, but he still received a benefit for entering into the plea agreement as the State dismissed the accompanying traffic charges. The State also complied with its

agreement to recommend that Cowell's sentence be suspended after he served 90 days in jail. Still, the district court was not bound by this recommendation. See *State v. Chetwood*, 38 Kan. App. 2d 620, 624, 170 P.3d 436 (2007) (explaining that "in Kansas, a district court is not bound by plea agreements or sentencing recommendations"). In fact, Cowell acknowledged that the sentencing recommendation was not binding on the district court both in his plea agreement and when entering his plea. Likewise, we find that the district court offered a reasonable explanation—pointing to Cowell's eight prior DUI convictions—in support of its sentencing decision.

In summary, we find that the district court appropriately applied the law and did not make a mistake of fact. We also find that the district court did not act arbitrarily, fancifully, or unreasonably in imposing the statutorily authorized sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Cowell to serve 12 months in jail.

Affirmed.